Brinkerhoff, J.
Section 23 of the act of March 8, 1831, “ for the punishment of certain offenses therein named ” (S. & C. 430), under which the indictment in this case was found, reads as follows:
“ That if any person shall, knowingly, send or deliver any letter or writing, with or without a name subscribed thereto, or signed with a fictitious name, containing willful and malicious threats of injury of any kind whatever, or with intent or for the purpose of extorting money or other valuable things *from any person; [489 *489 every person so offending shall, upon conviction thereof, be fined in any sum not less than fifty nor more than five hundred dollars, or be imprisoned in the cell or dungeon of the jail of the county, and bo fed on bread and water only, not exceeding ten days, or both, at the discretion of the court.”
“We are of opinion that in order to bring a letter, sent or delivered, within the terms or the meaning of this act, it must on its face contain a'threat of injury of some kind, or the communication must be of such a nature as is calculated to extort money or other valuable thing. But the evidence in this case, all of which is set out in the bill of exceptions taken at the trial, shows that the matter of fact and the matter of law stated in the letter were true. Hall had given the note referred to in the letter; it was without a stamp ; and a liability to the penalty prescribed by the act of Congress had been incurred. “ You will please call immediately and make satisfaction.” This it seems to us, ought not under the circumstances, to be construed to be anything more than a request to come and correct a mistake, or supply an oversight, by furnishing and affixing the stamp necessary to give validity to the note. “And save yourself trouble.” This is the presentation of a motive — and a legitimate one — for a compliance with the request. The letter itself, taken as a whole, and read in the light of the evidence, amounts but to this: It states truly a matter of fact and a matter of law'; requests the doing of what ought to be done, and presents a legitimate motive for doing it. This is all there is of the letter.
What may have orally passed between Brabham and Hall at the interview which followed the sending and receipt of the letter ' — what threats were then verbally made and obligations extorted, rightfully or wrongfully, are outside of the case. They do not come within the purview of the statute.
We think the court below erred in overruling the motion for a new trial.

Judgment reversed.

Day, C. J. and Scott, Welch, and White, JJ., concurred.